Kennedy, Circuit Judge, filed specially concurring statement.

**Ruben Portillo CHAVEZ,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellant.**

No. 78–3513.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 19, 1980.

Decided Sept. 14, 1981.

As Modified Oct. 28, 1981.

Hal D. Meltzer, Lawrence, Kan., for petitioner-appellant.

Sanford Svetcov, Asst. U. S. Atty., San Francisco, Cal., for respondent-appellant.

Before BROWNING, Chief Judge, and KENNEDY and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

The government has moved to expand the record to include the transcript of the competency and guilty plea proceedings held October 7, 1976. It also moves for rehearing based on the expanded record. Despite the government's egregious and unexcused delay, we grant the motion and the petition.

The central issue on this appeal has always been whether Chavez was denied due process because the trial court failed to order, on its own motion, a hearing on Chavez's competence to plead guilty. A showing that the October 7, 1976 proceeding included such a hearing and a judicial determination of competence is of critical significance to the government's case. Before this motion to expand the record was made, our original decision in favor of the petitioner had issued, the case had been under submission for 13 months, and two years and five months had elapsed since the transmission of the record on appeal to this court.

Justice requires timeliness and finality. We are not omniscient. We must make our decisions on the basis of the record the parties, including the government, present to us. In this case the government failed in its responsibility to those it represents and to this court. Nevertheless, the interests of justice also require, in a case such as this, that we not "shield ourselves from the knowledge of what transpired below." *United States v. Aulet*, 618 F.2d 182, 187 (2d Cir. 1980).

The motion to expand the record and the petition for rehearing are GRANTED. Our opinion filed March 16, 1981 is WITHDRAWN and the following is substituted.

Appellant Ruben Portillo Chavez pleaded guilty to three counts of bank robbery. He moved the district court to vacate his sentence and plea pursuant to 28 U.S.C. § 2255. The district court denied the motion. Chavez appeals. Because the trial court held a hearing on Chavez's competence to plead guilty, and its determination was not clearly erroneous, we affirm.

## FACTS AND PROCEEDINGS BELOW

On May 19, 1976 Chavez was indicted by a federal grand jury on three counts of bank robbery. 18 U.S.C. § 2113(a). On the same day he was arraigned and pleaded not guilty.

On May 27, 1976 Chavez appeared with his appointed counsel before the trial judge and expressed his desire to represent himself and to plead guilty in an emotional outburst that resulted in his being removed from the courtroom. The court appointed another lawyer to counsel Chavez. On June 3 the court granted a motion made pursuant to 18 U.S.C. § 4244. Chavez was ordered committed to the correctional facility at Terminal Island for a ninety day study concerning his competence to stand trial or plead guilty. The June 3 order was expanded on June 14 to include an inquiry into Chavez's "mental competency and criminal responsibility . . . at the time of the alleged commission of crimes. . . ."

On August 23, 1976 the warden at Terminal Island sent the court a copy of the report prepared by Dr. Meyer, following the section 4244 examination.

On September 16, 1976 the trial court granted defense counsel's motion, pursuant to 18 U.S.C. § 3006A(e), for appointment of a psychiatrist to assist in pre-trial and trial preparation. The competency hearing originally scheduled for September 23 was vacated and continued to September 30.

On September 18, 1976 Dr. Levy, the independent psychiatrist appointed to assist the defense, issued a report of his findings. The report indicated that additional records concerning Chavez probably existed from earlier psychiatric treatment. Dr. Levy said his opinion about Chavez's criminal responsibility might be changed if he could see the earlier records. (He tentatively concluded that Chavez was not insane at the time of the crimes.) The defense requested a further continuation of the competency hearing and plea. On September 27 the district court continued the hearing until October 7.

On September 30, 1976 Chavez met with his counsel. Chavez told his attorney he wished to plead guilty. He apparently also dismissed his attorney at that time. On October 1 the attorney advised Chavez by letter of the possible consequences of a guilty plea. He wrote that he believed it unwise for Chavez to plead guilty or take any further action until the old psychiatric reports could be obtained for Dr. Levy's evaluation.

On October 7, 1976 Chavez appeared with counsel and pleaded guilty to the three count indictment. The hearing was denominated 'competency proceedings' in the district court docket. The court inquired about Chavez's understanding of the proceedings and his competence. Defense counsel reported that other psychiatric materials existed that might reflect on competence, but that Chavez knew what it was and did not wish to pursue it. The court specifically found Chavez competent and accepted the guilty plea. On October 20 he was sentenced to ten years imprisonment. On December 13, 1976 Chavez wrote to the court requesting modification of his sentence. The motion was denied on January 11, 1977.

Chavez filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, on March 13, 1978. The motion was based on the trial court's failure to order, on its own motion, a hearing on Chavez's competency to plead guilty. As a related ground, Chavez asserted that his attorney's failure to request such a hearing deprived him of the effective assistance of counsel.

## DISCUSSION

### I. Introduction.

■ Due process requires a trial court to hold a hearing, *sua sponte*, on a defendant's competence to plead guilty whenever the trial judge entertains or reasonably should entertain a good faith doubt as to the defendant's ability to understand the nature and consequences of the plea, or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented. *Sailer v. Gunn*, 548 F.2d 271, 275 (9th Cir. 1977). On review, our

inquiry is not whether the trial court could have found the defendant either competent or incompetent, nor whether we would find the defendant incompetent if we were deciding the matter *de novo*. We review the record to see if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence. *Bassett v. McCarthy*, 549 F.2d 616, 621 (9th Cir.), *cert. denied*, 434 U.S. 849, 98 S.Ct. 158, 54 L.Ed.2d 117 (1977).[1]

## II. The Section 4244 Examination.

■ We note at the outset that the existence of a genuine doubt about a defendant's competence is not what determines whether the court must order an examination pursuant to 18 U.S.C. § 4244.[2] A defendant's first motion for a psychiatric examination under section 4244 may not be denied unless the court correctly determines that the motion is frivolous or not made in good faith. *United States v. Ives*, 574 F.2d 1002 (9th Cir. 1978), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 605 (1980) (*Ives III*); *United States v. Bodey*, 547 F.2d 1383 (9th Cir.), *cert. denied*, 431 U.S. 932, 97 S.Ct. 2639, 53 L.Ed.2d 249 (1977); *Meador v. United States*, 332 F.2d 935 (9th Cir. 1964). The court need not have reasonable grounds for believing the defendant incompetent. To the contrary, a trial court is not to make such an evaluation. *Meador, supra*, at 938. Once the motion is made, the trial court should defer making an evaluation of competency until after the examination has taken place.

■ By the terms of the statute, a hearing is required "[i]f the report of the psychiatrist indicates a state of present insanity or . . . mental incompetency in the accused." A hearing is not required, on the basis of the section 4244 motion alone, if the psychiatrist's report does not indicate

1. We believe that the terms "sufficient doubt," *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), "bona fide doubt," *id.; Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Sailer v. Gunn, supra*, 548 F.2d 271; *Tillery v. Eyman*, 492 F.2d 1056 (9th Cir. 1974), "good faith doubt," *Darrow v. Gunn*, 594 F.2d 767 (9th Cir.), *cert. denied*, 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979); *Sailer, supra, de Kaplany v. Enomoto*, 540 F.2d 975 (9th Cir. 1976) (en banc), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977); "genuine doubt," *United States v. Clark*, 617 F.2d 180 (9th Cir. 1980); *United States v. Mills*, 597 F.2d 693 (9th Cir. 1979); *Greenfield v. Gunn*, 556 F.2d 935 (9th Cir. 1977); *Bassett v. McCarthy, supra*, 549 F.2d 616, "reasonable doubt" (or "reasonable grounds"), *Drope, supra; Clark, supra; Moore v. United States*, 464 F.2d 663 (9th Cir. 1972), and "substantial question," *Sieling v. Eyman*, 478 F.2d 211 (9th Cir. 1973), all describe the same constitutional standard.

2. 18 U.S.C. § 4244 provides:
   "Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury."

present incompetence. *United States v. Winn*, 577 F.2d 86, 92 (9th Cir. 1978) (dictum). A judicial determination of competence or incompetence is required after the mandatory psychiatric examination, regardless of the content of the report. *Clark, supra*, at 184 n.5; *Ives III, supra*, 574 F.2d at 1005 n.3.

■ We recognize that the trial court expanded the psychiatric examination to encompass the question of Chavez's competence to plead guilty under its inherent power and not under the authority of section 4244. *United States v. Malcolm*, 475 F.2d 420 (9th Cir. 1973). Nevertheless, the trial court's focus is the same in determining the need for a hearing. If *all* the evidence should raise a reasonable doubt about the defendant's competence, a hearing is required for due process reasons. This is true even if the psychiatrist's report "indicates" sanity or competence and thus would not require a hearing under the statute.

■ After the first (mandatory) section 4244 examination and determination, it is in the district court's discretion to grant or deny subsequent motions for psychiatric examination. *United States v. Cook*, 418 F.2d 321 (9th Cir. 1969). The trial judge must determine if there is sufficient doubt about the defendant's competence to make further inquiry necessary to afford the defendant due process. *Clark, supra*, at 185; *Ives III, supra*, 574 F.2d at 1005. While the trial court must consider all available evidence in making this determination, we are limited to review for an abuse of discretion. *Id.* But see *United States v. Caplan*, 633 F.2d 534 (9th Cir. 1980).

■ When the trial court has made a competency determination, we apply the clearly erroneous standard in reviewing it. *United States v. Glover*, 596 F.2d 857 (9th Cir.), *cert. denied*, 444 U.S. 860, 100 S.Ct. 124, 62 L.Ed.2d 81 (1979). When there has never been a psychiatric evaluation, a hearing, and judicial determination of competence in the proceeding, our review is comprehensive. *Darrow v. Gunn, supra*, 594 F.2d at 771; *Ives III, supra*, 574 F.2d at 1005 n.3; *de Kaplany v. Enomoto, supra*, 540 F.2d at 983.

### III. Substantial Evidence and Due Process.

As has been noted (see page 4635, Introduction and related text), a hearing is required on a defendant's competency to plead guilty whenever the trial judge entertains or reasonably should entertain a good faith doubt as to that defendant's ability to understand the nature and consequences of the plea or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented. Such doubt should arise when there is "substantial evidence" of incompetence. In applying this rule two concepts are involved: evidence and competence. We first discuss the meaning of "substantial evidence", then we analyze the meaning of "competence" and the standard used to measure it.

■ Substantial evidence of incompetence is evidence that raises a substantial doubt about a defendant's competence. The "substantiality" has nothing to do with the level of competence involved. The degree of the incompetence is important, however, for reasons discussed below.

> " 'Substantial evidence' is a term of art. 'Evidence' encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is 'substantial' if it raises a reasonable doubt about the defendant's competency to stand trial."

*de Kaplany, supra*, 540 F.2d at 980–81 (quoting from *Moore v. United States, supra*, 464 F.2d at 666).

■ Each particular bit of evidence is not to be viewed in isolation. *de Kaplany, supra*, 540 F.2d at 983. One item of evidence, such as a psychiatric report, might be

so probative of incompetence that its presence alone requires a hearing. On the other hand, evidence of possible present incompetence, such as a history of psychiatric problems in the remote past, may be so overshadowed by other evidence of present competence that it does not demand further investigation at an evidentiary hearing. *Caplan, supra.* (But that evidence cannot be ignored in favor of evidence of competence. *Drope v. Missouri, supra,* 420 U.S. at 175, 95 S.Ct. at 905). In determining whether or not there is a substantial doubt, the trial judge must evaluate all the evidence and evaluate the probative value of each piece of evidence in light of the others.

For example, a current psychiatric report might amount to substantial evidence of incompetence and thus raise a good faith doubt that cannot be dispelled by resort to conflicting current evidence of competence without a hearing. *Moore v. United States, supra.* On the other hand, an old psychiatric report indicating incompetence in the past may lose its probative value by the passage of time and subsequent facts and circumstances that all point to present competence. *See Caplan, supra.* In the latter situation truly conflicting evidence does not exist because different time frames are involved. A third situation is one in which there is psychiatric evidence of past incompetence and more recent evidence indicating that such incompetence may have recurred. *See Drope v. Missouri, supra,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; and *Pate v. Robinson, supra,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. The facts of this case bring it into the third category.

IV. Nature of Incompetence.

■ While the substantial evidence test remains the same at all stages of a criminal proceeding, the kind or degree of incompetence to which the trial court must be alert changes. *See Drope v. Missouri, supra,* 420 U.S. at 176, 95 S.Ct. at 906. Trial courts must assess a defendant's competence with specific reference to the gravity of the decisions the defendant faces. *de Kaplany, supra,* 540 F.2d at 985. The test for competence is thus traditionally stated in different terms depending upon the decisions and consequences presented to the defendant by the particular proceeding. It might be constitutionally fair to require a marginally competent defendant to make certain kinds of decisions, but not others.

■ To be competent to stand trial, a criminal defendant must have sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings. *Drope, supra,* 420 U.S. at 172, 95 S.Ct. at 904; *Pate v. Robinson, supra,* 383 U.S. at 387, 86 S.Ct. at 843; *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *United States v. Mills, supra,* 597 F.2d at 699.

■ To waive a constitutional right, a defendant must have that degree of competence required to make decisions of very serious import. A defendant is not competent to waive constitutional rights if mental illness has substantially impaired his or her ability to make a reasoned choice among the alternatives presented and to understand the nature and consequences of the waiver. *United States v. Moore,* 599 F.2d 310 (9th Cir. 1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980); *Sailer v. Gunn, supra,* 548 F.2d at 275; *Sieling v. Eyman, supra,* 478 F.2d at 214–15.

■ When nontrial proceedings not involving the waiver of constitutional rights are at issue (*e. g.,* sentencing or probation revocation proceedings), the test is whether the defendant is able to understand the nature of the proceedings and participate intelligently to the extent participation is called for. *Sailer v. Gunn, supra,* 548 F.2d at 274.

A guilty plea involves the waiver of several constitutional rights, including the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. Therefore, competence to plead guilty is measured by the "reasoned choice" standard. *Sieling, supra,* at 214.

We recently acknowledged the difficulty posed for the trial court, and for us, when a determination of a defendant's competence to participate in one proceeding "spills over" into another proceeding. *Spikes v. United States,* 633 F.2d 144 (9th Cir. 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 1399, 67 L.Ed.2d 369 (1981). For example, if the psychiatric and judicial inquiries are too narrow when the question is competence to stand trial, they may be of no value when the defendant expresses a desire to waive a constitutional right.[3]

This problem could be solved if, when the trial court ordered a psychiatric examination of competence, it asked for an evaluation of the defendant's ability to understand proceedings of various levels of complexity and to understand and rationally choose between alternative courses of action and their possible consequences. When the range of a defendant's competence has thus been determined, the trial court is free to go forth with all proceedings within that range, without further inquiry, unless subsequent events and the passage of time indicate that the defendant's level of competence has changed since the evaluation. This will require detailed instruction to the psychiatrist conducting the examination, but the result should be useful, time saving, and less confusing than a single purpose examination.

## V. The Evidence of Chavez's Incompetence.

The following evidence of Chavez's possible incompetence was before the district court when it accepted Chavez's guilty plea: (1) a history of antisocial behavior and treatment for mental illness, *see Drope v. Missouri, supra,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; *Pate v. Robinson, supra,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Moore v. United States, supra,* 464 F.2d 663; (2) an emotional outburst in open court, resulting in Chavez's forcible removal from the courtroom, *see Tillery v. Eyman, supra,* 492 F.2d 1056; (3) a previous psychiatric finding of insanity based upon psychoneurosis and the use of drugs (drugs were apparently involved in the bank robberies at issue), *see Drope, Pate* and *Moore v. United States;* (4) two psychiatric reports, neither addressing the issue of competence to plead guilty, one indicating "adequate judgment," the other indicating poor insight and judgment, *see Moore v. United States, supra,* 464 F.2d 663; *compare United States v. Moore, supra,* 599 F.2d 310; (5) emotional outbursts and Chavez's firing of his attorneys in connection with the guilty plea issue; and (6) an inference that Chavez had not even attempted to plea bargain, *compare Darrow v. Gunn, supra,* 594 F.2d 767; *Makal v. Arizona,* 544 F.2d 1030 (9th Cir. 1976), *cert. denied,* 430 U.S. 936, 97 S.Ct. 1563, 51 L.Ed.2d 782 (1977).

These indicia of incompetence do not, individually or collectively, reach the levels of the evidence in *Pate* or *Drope.* Nevertheless, they created a doubt as to Chavez's ability to make a reasoned choice. They were, therefore, sufficient to require an evidentiary hearing on that issue before Chavez's guilty plea was accepted.

## VI. The Hearing.

Chavez was afforded, on October 7, 1976, the required hearing concerning his competence. While the district court did not expressly ask if Chavez had evidence concerning his competence that he wished

---

**3.** The different levels of competence are related in that a higher level generally includes all lesser ones. Thus a defendant who is competent to plead guilty will normally also be competent to stand trial or participate in non-trial proceedings. A defendant who is competent to stand trial will usually be competent to participate in a non-trial proceeding. The converse is not true. This is where most difficulties arise. A defendant who is competent to stand trial is not necessarily competent to plead guilty. *de Kaplany, supra,* 540 F.2d at 985.

to present, it is clear from the record that the court was inquiring into the competence question and seeking all pertinent information. It is equally clear that Chavez did not wish to pursue the matter. He was not denied an opportunity to explore or rebut the basis for the finding of competence.

We are unpersuaded that the trial court applied the wrong standard of competence in making its determination. The court inquired into Chavez's understanding of the proceedings and his rights, his reasoning process, and his ability to cooperate with counsel. Although the court did not state the standard it was applying, there was no indication that it incorrectly evaluated Chavez's competence by the standard of competence to stand trial.

We cannot say that the determination of competence was clearly erroneous.

The judgment of the district court is AFFIRMED.

KENNEDY, Circuit Judge, concurring specially:

I concur in the result.