981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Buck Charles SHORT, Defendant-Appellant.
 No. 91-36237.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 3, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Buck Charles Short, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence. Short was convicted by guilty plea of bank robbery, a violation of 28 U.S.C. 2113(a). We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990), and affirm.
 
 
 3
 Short contends that the district court should have held an evidentiary hearing to determine whether he was competent to plead guilty. He claims that his mental illness, as well as the medication he was taking during the plea hearing to control this illness, rendered him incompetent to plead guilty. This contention lacks merit.
 
 
 4
 A defendant is competent to plead guilty if he is able "to understand the nature and consequences of the plea, or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented." Chavez v. United States, 656 F.2d 512, 515 (9th Cir.1981). The district court is not required to hold an evidentiary hearing in considering a section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Moore, 921 F.2d at 211. We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 5
 At the Rule 11 hearing, the district court questioned Short at some length about his mental condition, his understanding of the choices presented to him, and his version of the robbery. The judge specifically asked Short about the effects of his medication, and questioned his attorney about the extent of Short's mental illness. Short's responses indicate that he understood the rights he was giving up, the consequences of his plea, and the details of his plea bargain. Short indicated that the medication he was taking helped him to think more clearly.[1] Under these circumstances, the district court did not err in determining that Short was not entitled to relief based on his allegations that he was not mentally competent to enter a guilty plea. See Moore, 921 F.2d at 211; Chavez, 656 F.2d at 515.
 
 
 6
 Moreover, Short has alleged no facts outside the record. Thus, the district court was not required to hold an evidentiary hearing. Cf. Doganiere, 914 F.2d at 168 (the district court is required to hold an evidentiary hearing when a defendant's allegations of an invalid plea are based on facts outside of the record). Both his history of mental illness and his medication status were known to the district court judge when she took his plea, and again when she denied his section 2255 motion. The district court fully considered the contested issues at the plea hearing.[2] Accordingly, the district court did not abuse its discretion by denying Short's motion without an evidentiary hearing. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record shows the following exchange:
 The Court: And you are taking several medicines, Stelazine, Artane, Benadryl at the present time; is that correct?
 The Defendant: Uh-huh. Yes, ma'am.
 The Court: Okay. And do they make your thinking unclear?
 The Defendant: No. It's to help me think more clear.
 The Court: Okay. In fact, it stabilizes your thinking, doesn't it?
 The Defendant: Yeah, it does.
 The Court: So that you don't have different thoughts rushing in on your head at the same time?
 The Defendant: Yeah. Uh-huh.
 
 
 [2]
 As the district court opinion states, "[t]here are no facts presented now that were not known to the court and considered by the court at the time it accepted Short's plea of guilty in August, 1985. Short has not made any allegations that require this court to hold an evidentiary hearing to reconsider a decision fully considered and definitively made six years ago." District Court's Opinion denying appellant's section 2255 motion at 5