34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cuca LOPEZ, Defendant-Appellant.
 No. 93-10712.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cuca Lopez appeals her conviction and sentence imposed following her guilty plea to possession of heroin with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Lopez contends that the district court erred by accepting her guilty plea without holding sua sponte an evidentiary hearing regarding her competency. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * BACKGROUND
 
 
 4
 Lopez's guilty plea was made pursuant to a plea agreement with the government. During the hearing at which Lopez entered her plea, the district court asked Lopez several questions in order to ascertain that she was competent to enter the plea and that the plea was voluntary. In response to a direct question from the court in the same hearing, defense counsel affirmed that he had no doubts regarding Lopez's competence to enter a plea.
 
 II
 DISCUSSION
 
 5
 The government argues that this appeal should be dismissed under United States v. Navarro-Botello, 912 F.2d 318 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992), because Lopez knowingly and voluntarily waived her right to appeal her sentence in her plea agreement. Such summary dismissal would be inappropriate. The point of Lopez's appeal is that she was not competent to enter the plea in connection with which she waived her right to appeal. If the district court did err, as Lopez contends, in failing to hold a hearing as to her competency, then the validity of both her plea and her waiver of appellate rights remains in question. See United States v. DeSantiago-Martinez, 980 F.2d 582 (9th Cir.1992) (A valid waiver of the right to appeal in a negotiated guilty plea must be knowingly and voluntarily made). We must therefore address Lopez's argument that the district court had a duty to hold an evidentiary hearing regarding her competency.
 
 
 6
 We review a district court's determination of competency for clear error. United States v. Lindley, 774 F.2d 993 (9th Cir.1985) (per curiam). Title 18 U.S.C. Sec. 4241(a) requires a trial judge to order a competency hearing sua sponte
 
 
 7
 if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
 
 
 8
 A hearing is required when the trial judge entertains or reasonably should entertain a good faith doubt as to the defendant's ability to understand the nature and consequences of the plea or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented. United States v. Chavez, 656 F.2d 512, 515 (9th Cir.1981). Such doubt should arise when there is "substantial evidence" of incompetence. Id.
 
 
 9
 Lopez acknowledges in her appeal brief "that she was able to understand the nature and consequences of the proceedings to a reasonable degree." She argues, however, that her two nervous breakdowns (one in January, 1993, and another two or three weeks prior to the September 1, 1993 plea hearing) may have impaired her ability to assist properly in her defense.
 
 
 10
 During the hearing, the district judge discussed with Lopez the fact that she was on prescription medicine for back pain which Lopez stated did not affect her ability to understand what was happening. Lopez told the court that during the previous year her physician advised her to seek counseling because she was depressed due to the pressures of this case, but that she did not go to counseling. She stated that her physician told her that she was "a little off" due to the criminal charges, but that no one had ever told her that she had any kind of mental illness or mental defect. She stated that she did not currently have any of the feelings of depression that she had experienced previously. When asked by the district judge if he had any doubt as to Lopez's competence to enter a plea at that time, Lopez's counsel stated:
 
 
 11
 No, Your Honor. In my meetings with her, she's always expressed anxiety about the impending case. As we discussed in the plea agreement, she had several family members present. And I think she understands it, and decided that this is the best resolution of the case for her.
 
 
 12
 Based on this record, there was nothing to create reasonable cause to believe that Lopez was suffering from a mental disease or defect rendering her mentally incompetent to the extent that she was unable to assist properly in her defense. See 18 U.S.C. Sec. 4241(a). Nor was there substantial evidence of incompetence that should have created in the district judge a doubt as to Lopez's ability to understand the nature and consequences of the plea, to participate intelligently in the proceedings, or to make a reasoned choice among the alternatives presented to her. See Chavez, 656 F.2d at 512. Accordingly, the district court did not err by failing to hold sua sponte an evidentiary hearing regarding Lopez's competency.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3