36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John POCSAI, Defendant-Appellant.
 No. 94-30048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Pocsai appeals the 135-month sentence imposed following his conviction by jury of distributing LSD in violation of 21 U.S.C. Sec. 841(a)(1). Pocsai claims the district court erred by denying his motion for a competency hearing prior to sentencing. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a defendant's motion for a competency hearing. Chavez v. United States, 656 F.2d 512, 517 (9th Cir.1981). We review for clear error a district court's finding of competence. United States v. Chischilly, No. 92-10619, slip op. 8097 at 8109 (9th Cir. July 25, 1994). A competent defendant is able "to understand ... the nature of the legal proceedings against him and to assist counsel with a reasonable degree of rational understanding." Id.
 
 
 4
 A psychologist examined Pocsai on September 3 and 7, 1993 and found him competent to stand trial. A week after his conviction on November 12, 1993, Pocsai attempted to slash his wrists. Psychiatrists who examined him after this attempt concluded that he was not suffering from any major mental illness. A month later, he attempted to swallow a razor blade. Again, he was examined by psychiatrists who, again, determined that he did not suffer from any mental illness and did not pose a danger to himself or others.
 
 
 5
 In December 1993, within a week after his second "suicide gesture," Pocsai enlisted his friend, Weasel, to find someone willing to sign a false affidavit corroborating his defense in exchange for $5,000. The affiant, James Corter, later testified at Pocsai's sentencing hearing.
 
 
 6
 On January 25, 1994, three days before Pocsai was scheduled to be sentenced, his attorney visited him in prison. Pocsai never acknowledged his presence, but remained on his cot with his eyes closed throughout the visit, muttering continuously and unintelligibly. Prison officials confirmed that Pocsai had been refusing to eat or come out of his cell.
 
 
 7
 Recounting these facts, Pocsai's attorney filed a motion for a new competency hearing on January 27, 1994. The district court denied the motion, stating
 
 
 8
 I find that he is able to understand the nature and the consequences of the proceeding against him. He was able to understand at the time of the trial when he testified falsely. He was able to understand it clearly when he obtained Mr. Corter to file a false affidavit. And he understood it when he talked to [his lawyer] on at least several occasions at least through January 15th. And I'm satisfied that the defendant is ... putting on an act to attempt to delay the moment of truth in terms of having a sentence in this case.
 
 
 9
 The district court pronounced a sentence of 135 months and noted for the record that Pocsai had stopped mumbling.
 
 
 10
 We find no abuse of discretion. See Chavez, 656 F.2d at 517. Pocsai had undergone three psychiatric examinations between his arrest and sentencing. None raised a doubt as to his competency. One month before sentencing, Pocsai hired a witness to perjure himself in his defense. Two weeks before sentencing, he spoke to his attorney without showing any symptoms of a mental impairment. On the basis of this record, we discern no clear error in the district court's conclusion that Pocsai was competent to be sentenced on January 28, 1994. See Chischilly, No. 92-10619, slip op. at 8109.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Pocsai's letter dated September 6, 1994 is construed as a request for oral argument. The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3