108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Joseph FEO, Petitioner-Appellant,
v.
Meg SAVAGE; Attorney General for the State of Arizona,
Respondents-Appellees.
 No. 96-16820.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Joseph Feo, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction by no-contest plea for second degree murder. Feo contends that the district court erred when it: (1) denied him habeas relief regarding his claim that his plea was involuntary because he was under the influence of drugs at the time he entered his no-contest plea; (2) denied him habeas relief regarding his claim that counsel was ineffective for failing to conduct an adequate pre-trial investigation; (3) denied his motion to certify the proceeding as a class action seeking to challenge the Arizona state procedures for indigent defendants; and (4) failed to order an evidentiary hearing on Feo's habeas claims. We review de novo a district court's decision on a section 2254 petition. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Feo contends that his no-contest plea was involuntary because his attorney told him to lie throughout the proceedings and because Feo was under the influence of mind-altering drugs administered to him by prison authorities. This contention lacks merit.
 
 
 4
 When accepting a guilty plea, the trial court must assure itself that the defendant is competent to stand trial, i.e. able to understand the proceedings and assist counsel, and that his plea is knowing and voluntary. Godinez v. Moran, 509 U.S. 389, 399 (1993). Whenever the trial judge entertains or reasonably should entertain a good faith doubt as to the defendant's ability to understand the nature and consequences of entering a plea of guilty, due process requires the court hold a hearing, sua sponte on the defendant's competence to plead guilty. See Blazak v. Ricketts, 1 F.3d 891, 893 & n. 1 (9th Cir.1993); Chavez v. United States, 656 F.2d 512, 519 (9th Cir.1981).
 
 
 5
 Here, although Feo asserts that he was in a drug induced state at the time he entered his no-contest plea, he failed to present any evidence to support his claim. At his plea hearing, the trial judge specifically asked whether Feo had ingested any drugs, alcohol, or medication within the past twenty-four hours; Feo responded in the negative. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (statements made in open court at time of plea carry a strong presumption of verity and "constitute a formidable barrier" at later proceedings); see also Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (same). Feo further acknowledged that no threats or promises had been made to induce his plea. In addition, the transcript reveals that Feo responded to each of the court's inquiries in an appropriate fashion and Feo remembered without prompting that he had initialed each box of the plea agreement. Accordingly, Feo's bare assertions that he was under the influence of drugs at the time of his plea and that his attorney told him to lie throughout the plea proceedings are insufficient to undermine his statements regarding voluntariness made in open court at the time of his plea. See Blackledge, 431 U.S. at 74; see also Ricketts, 1 F.3d at 893; Chavez, 656 F.2d at 519.
 
 
 6
 Feo next contends that his trial counsel was ineffective for failing to conduct an adequate pre-trial investigation. Feo has waived this claim by entering a plea of no-contest. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (defendant who voluntarily and knowingly pleads guilty waives all nonjurisdictional defects in the criminal proceeding); see also United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (holding that pre-plea ineffective assistance of counsel claims are also waived). To the extent Feo contends his plea was not knowing and voluntary because his attorney's advice to plead no-contest was not sound, the contention lacks merit. Feo has not alleged any specific facts that would support the conclusion that trial counsel's performance throughout the plea proceedings was in any way deficient. See generally Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).
 
 
 7
 Feo contends the district court erred when it denied his motion to certify the proceeding as a class action based on the following claims: (1) that there is a two-tiered criminal justice system in Arizona under which indigent defendants are denied their right to equal protection, due process, and effective assistance of counsel and (2) indigent defendants in Arizona are told by trial counsel to lie at their plea hearings and are given mind-altering drugs while in custody. We agree with the district court's conclusion that Feo failed to satisfy the requirements of a class action under Rule 23(a) of the Federal Rules of Civil Procedure. See Fed.R.Civ.Proc. 23(a); see also Blake v. Arnett, 663 F.2d 906, 912 (9th Cir.1981) (class action must satisfy requirements of Rule 23(a)).
 
 
 8
 Finally, because Feo failed to allege facts entitling him to relief, the district court did not abuse its discretion by denying his habeas petition without first holding an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Feo's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Feo also challenges the constitutionality of the Antiterrorism and Effective Death Penalty Act of 1996 ("Act"). Because the Act does not apply to Feo's case, we do not review those challenges here. See Jeffries v. Wood, --- F.3d ----, 1996 WL 730493 (9th Cir. Dec. 20, 1996) (Act does not apply retroactively)