129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto GONZALEZ-DIAZ, Defendant-Appellant.
 No. 96-50695.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.**
Decided Nov. 13, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California. Marilyn L. Huff, District Judge, Presiding.
 
 
 2
 Before CANBY and THOMPSON, Circuit Judges, and MOLLOY, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Roberto Gonzalez-Diaz ("Gonzalez") appeals from his conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). Gonzalez argues that the district court erred by denying his motion for a competency hearing prior to sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 5
 Gonzalez conditionally pleaded guilty to a one-count superseding indictment charging him with being a deported alien found within the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). At the sentencing hearing, the district court denied Gonzalez's oral motion for a competency hearing pursuant to 18 U.S.C. § 4241. The district court stated, after a colloquy with Gonzalez, that it had no doubt Gonzalez was competent to assist in his defense at sentencing. The district court sentenced Gonzalez to sixty-three months in custody and a three-year term of supervised release.
 
 
 6
 The test for competency is whether the defendant has "sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings." United States v. Chavez, 656 F.2d 515, 518 (9th Cir.1981) (citations omitted). A hearing is required when a district court "entertains, or reasonably should entertain, a [reasonable] doubt as to the defendant's ability to understand the nature and consequences of the plea, or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented." Id. at 517.
 
 
 7
 Gonzalez argues that the following evidence presented to the district court raised a reasonable doubt as to his competency: (1) the district court relieved the two attorneys previously appointed to represent him; (2) Gonzalez suffered from headaches, was taking medication, and was under a physician's care; (3) his present attorney questioned Gonzalez's competency; and (4) during an earlier disposition hearing, in which Gonzalez pleaded guilty to the current indictment, Gonzalez indicated that he did not understand the immigration judge's explanation of his rights.
 
 
 8
 We reject Gonzalez's arguments. Gonzalez admitted that he was only taking Tylenol and sleeping pills. These medications were not psychiatric medications and do not suggest that he suffered from a psychiatric illness. Nothing in the record of the court proceedings suggests Gonzalez was incompetent. Furthermore, Gonzalez's admission that he did not understand an immigration judge in a separate court proceeding is irrelevant in determining whether he was competent in this case.
 
 
 9
 Finally, the district court stated it "had a long history" with Gonzalez and was familiar with his demeanor. During the sentencing hearing, the district court methodically questioned him to determine his competency. The district court specifically inquired about his health and if he understood the charges against him. In addition, the district court asked whether he understood the elements of the charges and the sentencing guidelines. All of Gonzalez's answers were responsiv-e and appropriate. This lengthy colloquy led the district court to conclude that Gonzalez was indeed competent. The court stated: "Based on [Gonzalez's] comments today and his pertinent questions concerning his appellate rights, the Court is even more convinced that he does understand what is happening here today."
 
 
 10
 After careful review of the record, and consideration of the briefs on appeal, we conclude that the evidence before the district court did not raise a reasonable doubt as to Gonzalez's competency. See United States v. Lewis, 991 F.2d 524 (9th Cir.1993).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3