134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allan Y. DAVIS, Defendant-Appellant.
 No. 97-15450.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Former federal prisoner Allan Y. Davis appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence without an evidentiary hearing. Davis contends that he was incompetent at the time he entered his guilty plea, and received ineffective assistance of counsel. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We review for an abuse or discretion the district court's denial of an evidentiary hearing. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We consider whether a reasonable judge should have experienced doubt as to the defendant's competence. See Chavez v. United States, 656 F.2d 512, 516 (9th Cir.1981).
 
 
 4
 During the plea colloquy, the district court questioned Davis regarding his understanding of the plea agreement and the consequences of his guilty plea. There is no indication that Davis was confused or uncertain during the proceedings, nor is there any testimony suggesting that Davis's competence was in question at that time. Although Davis was distraught at the time he entered his plea and the court took a brief recess to permit him to compose himself, there is no evidence that he did not understand the nature and consequences of his plea. See id.
 
 
 5
 Davis's contention that he was denied effective assistance of counsel due to a breakdown in communication between he and his counsel at the time of his plea hearing lacks merit.
 
 
 6
 We reject Davis's conclusory allegations that his counsel was unconstitutionally ineffective as he has not shown how counsel's alleged failures prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Alonso, 48 F.3d 1536, 1544-45 (9th Cir.1995). To the extent Davis contends that his counsel was ineffective for failing to argue that Davis was incompetent during his plea hearing, Davis has failed to show any prejudice. See Strickland, 466 U.S. at 687.
 
 
 7
 Because the record conclusively shows that Davis is not entitled to relief under section 2255, the district court did not err when it denied the. motion without an evidentiary hearing. See Frazer, 18 F.3d at 781; Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3