**Clifton MAXWELL, Petitioner–Appellant,**

v.

**Ernie ROE, Warden, Respondent–Appellee.**

**No. 02–55143.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 16, 2003.

Decided Oct. 22, 2004.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

## AMENDED MEMORANDUM *

We grant the State's motion to recall the mandate and amend our disposition to clarify the reasons why we hold that a district court hearing is appropriate in this case.

Clifton Maxwell appeals the district court's denial of his habeas corpus petition, arguing that the trial in which a jury convicted him of first-degree murder was a violation of his Fourth and Fifth Amendment rights because he was incompetent to stand trial. Claims regarding incompetence are questions of fact, so, under the standard of review applicable to habeas petitions, Maxwell must show that the trial court's conclusion that he was competent to stand trial was an "unreasonable determination of the facts in light of the evidence presented." *Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir.2000). Under our jurisprudence, Maxwell "was entitled to a hearing on his competency to stand trial if a reasonable judge would have . . . a 'bona fide doubt' [as to] competence." *Id.* at 1108. Moreover, a trial court's finding of competence may be reversed as unreasonable if the fact finding procedure followed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by the judge was clearly inadequate. *Id.* at 1109.

The Supreme Court recently reversed the Sixth Circuit on its holding that the defendant had been provided ineffective assistance of counsel because it relied on evidence not properly before the state court. *Holland v. Jackson,* —— U.S. ——, ——, 124 S.Ct. 2736, 2737, 159 L.Ed.2d 683 (2004). In this case we are not making a substantive determination on Maxwell's petition because it is unclear what evidence was properly before the state court and the consequent responsibility of the trial court in making the determination of Maxwell's competency to stand trial. The Supreme Court in *Holland* stated:

> Under the habeas statute, (the petitioner's) statement could have been the subject of an evidentiary hearing by the District Court, but only if (the petitioner) was not at fault in failing to develop that evidence in state court....

*Id.* at 2738. In this case, a question of competence is precisely one in which the petitioner's failure to develop the facts at trial would be excused. A defendant who is incompetent to stand trial is also incompetent to develop an adequate factual record or to assist his counsel in doing so. ■ We remand this case to the district court to hold a full evidentiary hearing on Maxwell's competency during the January 1998 trial, taking into account the following concerns. On remand, the district court should consider both the facts established in the record and the facts that a 'more complete inquiry' by the trial court could have revealed. *Id.* A trial judge has a continuing, affirmative responsibility to ensure that a defendant is not tried while incompetent. *See Medina v. California,* 505 U.S. 437, 449, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992); *Drope v. Missouri,* 420 U.S. 162, 179, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Miles v. Stainer,* 108 F.3d 1109, 1112 (9th Cir.1997). The fact that Maxwell's lawyer did not ask for an additional competency hearing may not be considered dispositive evidence of Maxwell's competency. *Odle v. Woodford,* 238 F.3d 1084, 1088–89 (9th Cir.) (noting that "counsel is not a trained mental health professional, and his failure to raise petitioner's competence does not establish that petitioner was competent"), *cert. denied,* 534 U.S. 888, 122 S.Ct. 201, 151 L.Ed.2d 142 (2001); *Miles,* 108 F.3d at 1113. Nor may his lawyer's failure to object be considered procedural default or a waiver of Maxwell's right to an additional competency hearing. *Id.*

■ In light of the trial court's continuing responsibility to ensure that a defendant is not tried while incompetent, we are concerned about the following facts. First, in the thirteen-month interval between the competency hearing upon which the trial court relied and the trial, Maxwell was determined numerous times to be "gravely disabled" or a danger to himself or others as a result of mental disorder.[1] Second, Maxwell's behavior at trial was erratic and strange. And, third, during the course of trial Maxwell was involuntarily hospitalized for attempted suicide.[2] The record of what the trial court knew about the further details of Maxwell's hospitalization is unclear.

---

1. California Welfare and Institutions Code § 5150 authorizes a 72–hour commitment of an inmate who, "as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled." This section was invoked against Maxwell numerous times during his pre-trial detention.

2. The State's petition for rehearing contends that the disposition relies on disputed portions of the record. However, the facts recited in this disposition come only from non-disputed portions of the record.

When analyzing this evidence, the district court relied on *Amaya–Ruiz v. Stewart*, 121 F.3d 486 (9th Cir.1997), to support its finding that the evidence did not require the trial court to hold an additional competency hearing. Despite some similarities in the cases, we find the differences more persuasive.

Most important, the time between Amaya–Ruiz's criminal action and his conviction was not more than nine months. His pre-trial competency hearing, then, could not have pre-dated the trial by more than a few months. With so short a time period, the trial court could reasonably rely on the competency determination that indicated that Amaya–Ruiz was probably malingering. In Maxwell's case, however, justice was not so swift. More than a year elapsed between Maxwell's competency determination and his trial. The competency determination was itself based on medical reports that were a few months old. After so much time had passed, the trial court would have been unreasonable in relying solely on a stale competency determination in the face of contradictory evidence. *See deKaplany v. Enomoto*, 540 F.2d 975, 980–81 (9th Cir.1976) (en banc) (stating that once there is substantial new evidence of incompetency, a bona fide doubt is raised that cannot be dispelled by resort to pre-existing conflicting evidence). This court has repeatedly acknowledged the dramatic changes that can take place in a defendant's mental state in even a short period of time. *See Miles*, 108 F.3d at 1111 (change in competency within one month); *Chavez v. United States*, 656 F.2d 512, 518 (9th Cir.1981) (noting that old psychiatric reports may lose their probative value over time, especially if subsequent facts and circumstances contradict their conclusions).

In addition to the benefit of two current competency evaluations, the trial court in *Amaya–Ruiz* was presented with significantly less evidence of incompetence than was before the court in this case. Amaya–Ruiz's behavior was consistent with a strategy of noncooperation.[3] If the facts alleged in this appeal are correct, Maxwell's case is materially different from *Amaya–Ruiz*. During the year preceding trial, Maxwell's behavior was erratic whether he was in court or in jail. He was unable to control himself in pretrial proceedings and was involuntarily committed several times while in jail awaiting trial, and once during trial. Because he repeatedly waived his right to be present at trial, the jury that convicted Maxwell never actually saw him. Maxwell's sustained erratic behavior, in light of the long interval between his competency evaluations and his trial, presents a much more compelling argument for incompetency than did Amaya–Ruiz's behavior during his trial.

Since we do not know how much of this evidence was available to the trial court at the time of Maxwell's trial, we remand to the district court to hold an evidentiary hearing to consider the reasonableness of the trial court's determination that Maxwell was competent to stand trial.

**REVERSED AND REMANDED.**

---

**3.** There was evidence presented on appeal that Amaya–Ruiz had been treated by the jail psychiatrist, had been medicated with psychotropic drugs, had acted irrationally in jail, and had attempted suicide on an occasion other than the one described in the record before the trial court. *Amaya–Ruiz*, 121 F.3d at 493. It is clear, however, that this evidence was not presented to the state court during trial in *Amaya Ruiz*. 121 F.3d at 493. By contrast, in this case, it is unclear what evidence was before the state court at the time of trial.