MEMORANDUM *
Grant appeals from the district court’s judgment denying his petition for writ of habeas corpus. Because the parties are familiar with the facts and procedural posture of this appeal, we will not repeat them here. The conviction of an individual who is incompetent to stand trial is a violation of due process. Hernandez v. Ylst, 930 F.2d 714, 716 (9th Cir.1991). A defendant is competent if he “has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and ... has a rational as well as factual understanding of the proceedings against him.” Id. at 716 n. 2 (quoting Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)).
A competency hearing is necessary only if there is “a ‘substantial’ or ‘bona fide’ doubt of competency.” Hernandez, 930 F.2d at 716 (quoting de Kaplany v. Enomoto, 540 F.2d 975, 979-83 (9th Cir.1976) (en banc)). The “inquiry is not whether *73 the trial court could have found the defendant either competent or incompetent, nor whether the reviewing court would find the defendant incompetent.” United States v. Mitchell, 502 F.3d 931, 986 (9th Cir.2007) (quoting Chavez v. United States, 656 F.2d 512, 516 (9th Cir.1981)). Rather, the court reviews the record “to see if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant’s competence.” Mitchell, 502 F.3d at 986 (quoting Chavez, 656 F.2d at 516).
Grant has advanced substantial evidence that he suffers from mental illness. He has failed, however, to direct the panel to evidence before the trial court that should have caused the trial court “to experience a genuine doubt respecting [his] competence.” Mitchell, 502 F.3d at 986.
Indeed, mental illness does not necessarily equate to incompetence. Boyde v. Brown, 404 F.3d 1159, 1166 (9th Cir.2005) (concluding that “major depression” and “paranoid delusions” do not necessarily raise a doubt regarding a defendant’s competence); Hernandez, 930 F.2d at 716 n. 2 (specifying that incompetence is only found if the defendant lacks the present ability to consult with his lawyers or a rational understanding of the proceedings against him). We conclude that the trial court did not err by failing to conduct a competency hearing. We further conclude that, on this record, Grant has failed to demonstrate that he is entitled to relief for actual incompetence during his trial.
Grant also argues that his attorney’s failure to request a competency hearing during the guilt phase of his trial caused him to suffer ineffective assistance of counsel. Under Strickland v. Washington, a petitioner claiming ineffective assistance of counsel must show (1) that his counsel’s performance fell outside the wide range of professionally competent assistance; and (2)that he was prejudiced by his counsel’s deficient performance. 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate prejudice, a petitioner “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694,104 S.Ct. 2052.
We need not address the performance by Grant’s attorney because we conclude that Grant was not prejudiced by his attorney’s alleged errors. Because we conclude that Grant has not been shown to be incompetent at the time of trial, Grant has failed to demonstrate a “reasonable probability” that the “result of the proceedings” would have been different but for his attorney’s purported failures. Strickland, 466 U.S. at 694, 104 S.Ct. 2052; see also Boyde, 404 F.3d at 1167 (“Boyde argues that his counsel was ineffective in failing to request a competency hearing before trial. Because the evidence indicates that Boyde was competent to stand trial, we reject this claim.”).
Grant also argues that we cannot give retroactive effect to the California Supreme Court’s interpretation of Cal.Penal Code § 190.2(a)(2) in People v. Hendricks, 43 Cal.3d 584, 595-96, 238 Cal.Rptr. 66, 737 P.2d 1350 (1987). This interpretation was consistent with the plain language of the statute and no prior California case had given a contrary interpretation to § 190.2(a)(2). Consequently, this interpretation was not “unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.” Bouie v. City of Columbia, 378 U.S. 347, 354, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Grant’s challenge to the special circumstance is rejected.
*74 We deny Grant’s motion to expand the Certificate of Appealability because no debatable constitutional issues were raised.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.