FILED

MAY 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50076 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-01456-LAB-1 |
| v. | |
| KARLA CHAVARRIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 8, 2010[**]
Pasadena, California

Before: PREGERSON and BEEZER, Circuit Judges, and CONLON,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Karla Chavarria appeals the district court's denial of her request for a continuance, as well as the district court's decision not to hold a full competency hearing under 18 U.S.C. § 4241. The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

We review the district court's decision to deny a continuance for abuse of discretion. *United States v. Nguyen*, 262 F.3d 998, 1002 (9th Cir. 2001). Chavarria should have anticipated that incriminating post-arrest statements might be introduced at trial, even if not presented in the government's case-in-chief. Furthermore, the grant of a continuance would not have provided access to any new evidence. Chavarria already possessed all relevant evidence, and was not prejudiced by the denial of a continuance. *See United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. 1985) (listing relevant factors).

We review the district court's decision whether to hold a competency hearing for clear error. *United States v. Warren*, 984 F.2d 325, 328 (9th Cir. 1993). A defendant need only "understand the nature of the proceedings and participate intelligently to the extent participation is called for." *Chavez v. United States*, 656 F.2d 512, 518 (9th Cir. 1981). Here, Chavarria correctly identified each party's role in the proceedings against her. A court-appointed psychiatrist

2

found Chavarria "somewhat limited," but competent. The district court therefore did not clearly err in declining to hold a full competency hearing under 18 U.S.C. § 4241.

Nor did the district court abuse its discretion in denying a continuance of sentencing. There is no evidence in the record that Chavarria was prejudiced by the district court's decision. Furthermore, Chavarria did not diligently pursue a competency-related continuance, which she only requested after the district court denied a separate, unrelated request for a continuance.

Accordingly, the district court's decision is AFFIRMED.