**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY W. KIRK, | No. 12-16077 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00668-TJB |
| v. | |
| M. C. SALINAS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Timothy J. Bommer, Magistrate Judge, Presiding

Argued and Submitted December 8, 2014
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

It was neither an unreasonable application of Supreme Court precedent, nor

an unreasonable determination of the facts, for the California Court of Appeal to

conclude that the trial court was not required to hold a *sua sponte* competency

hearing. *See* 28 U.S.C. § 2254(d).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The record is unclear whether Dr. Hoffman's report was ever filed with the trial court.  The trial court ordered the report, but that order was withdrawn.  However, even if the report were filed with the court, and the trial court had considered it, the report alone would not have necessarily raised a bona fide doubt as to Kirk's *present* competency to stand trial.  *See Pate v. Robinson*, 383 U.S. 375, 385 (1966) (holding that "[w]here the evidence raises a bona fide doubt as to a defendant's competence to stand trial, the judge on his own motion must impanel a jury and conduct a sanity hearing" (internal quotation marks omitted)).  Defense counsel repeatedly expressed to the court that he did not doubt Kirk's competency to stand trial.  *See Medina v. California*, 505 U.S. 437, 450 (1992) ("[D]efense counsel will often have the best-informed view of the defendant's ability to participate in his defense.").  Additionally, the trial court was able to observe and to interact directly with Kirk.  Nothing in Kirk's demeanor or communications with the trial court gave it a reason to doubt his competency.  Finally, Dr. Hoffman's report was nearly four months old when the court learned of its existence.  A four-month-old report is not necessarily substantial evidence that a defendant lacks sufficient *present* ability to consult with his lawyer and have a rational, as well as factual, understanding of the proceedings against him.  *See Chavez v. United States*, 656 F.2d 512, 518 (9th Cir. 1981) ("[A]n old psychiatric

2

report indicating incompetence in the past may lose its probative value by the passage of time and subsequent facts and circumstances that all point to present competence.").

**AFFIRMED.**