**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Don WADE, Appellant.**

**No. 71–2316.**

United States Court of Appeals,
Ninth Circuit.

May 11, 1973.

Rehearing Denied Oct. 4, 1973.

Jonathan E. Johnson (argued), Los Angeles, Cal., for appellant.

William John Rathje, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and CHOY, Circuit Judges, and POWELL, District Judge.

PER CURIAM:

Here we revisit Wade v. United States, 426 F.2d 64 (9th Cir. 1970). Therein we changed our definition of mental responsibility in criminal cases.

Choy, Circuit Judge, dissented and filed opinion.

Now we are mainly concerned with the trial court's compelling the defendant to submit to examination by court-appointed psychiatrists on the pain of losing the right to present a defense of insanity. The order appointing psy-

chiatrists and ordering examination to determine both competence to stand trial and sanity at the time of the offense was made under authority of 18 U.S.C. § 4244. It is now the law of this circuit that § 4244 does not authorize such an order. United States v. Malcolm, 475 F.2d 420 (9th Cir. 1973). The court still has the authority, as part of the inherent power of the court, to order such an examination. On the facts of this case, we find that the order did not impermissibly infringe Wade's constitutional rights, and the court did not abuse its discretion. See also, United States v. Handy, 454 F.2d 885 (9th Cir.), cert. den., 409 U.S. 846, 93 S.Ct. 49, 34 L.Ed. 2d 86 (1972).

■ Appellant cannot challenge the validity of the district court's stated sanction for not submitting to an examination by court-appointed psychiatrists, since he complied with the order compelling examination. Williams v. Florida, 399 U.S. 78, 83, n. 14, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1969). We cannot, at this time, decide whether an order prohibiting all evidence on insanity at the time that the offense was committed, not just expert testimony, is impermissibly broad.

The judgment of conviction is affirmed.

CHOY, Circuit Judge (dissenting).

I respectfully dissent.

The district court's order required Wade to submit to examination by the court-appointed psychiatrist or be precluded from presenting *any* evidence on his defense of insanity. It goes impermissibly far.

I have no quarrel with the majority's proposition that the court has inherent power in general to order psychiatric examinations. But where the only issue was Wade's sanity, he having admitted the deed and relied upon the defense of insanity, such an order compelled him to be a witness against himself by giving testimony through the psychiatrist—unless he was willing to forego his defense.

In *Wade I* (United States v. Wade, 426 F.2d 64, 74 (9th Cir. en banc 1970)), a majority of this court indicated that an order of this nature might violate the Fifth Amendment privilege. I believe it does.

United States v. Handy, 454 F.2d 885 (9th Cir. 1971), cited by the majority as supporting the order hardly does that. In *Handy*, the order was that he submit to psychiatric examination or be precluded from presenting any *expert* testimony on the issue of insanity. Handy could refuse to cooperate and still present non-expert testimony on his mental state. His refusal would have deprived the government of any expert testimony on the issue; hence, it was only fair that he be barred from the benefit of such evidence too. United States v. Albright, 388 F.2d 719, 723 (4th Cir. 1973); Pope v. United States, 372 F.2d 710, 721 (8th Cir. en banc 1967, vacated and remanded on other grounds, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968); United States v. Albright, 388 F.2d 719, 723 (4th Cir. 1973).

Nor are the other theories which provide some support for a *Handy*-type order apposite here, e. g. estoppel (United States v. Baird, 414 F.2d 700, 707–708 (2nd Cir. 1969), cert. denied, 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1972); waiver (Pope v. United States, *supra*). See United States v. Malcolm, 475 F.2d 420 (9th Cir. 1973).

At the time the order in question was made, the only choices Wade was afforded were to submit to examination by the court-appointed psychiatrist (and thereby help incriminate˚ himself) or forego any defense of insanity. That was impermissible.

Moreover, I feel that we cannot avoid reaching the Fifth Amendment issue. The majority's reliance on the footnote in *Williams* is misplaced. In *Williams* the defendant sought a state court order exempting him from Florida's notice of alibi rule. The rule required the defendant to notify the prosecution of his intention to rely on an alibi defense and to·

disclose the names of his alibi witnesses. Failure to comply with the rule could have resulted in the exclusion of alibi evidence (except for the defendant's own testimony) at the trial. Williams contended that this rule violated the Fifth and Fourteenth Amendments. The Supreme Court rejected his arguments and decided that the rule was not unconstitutional. In the footnote relied on by the majority, the Court noted that had the defendant refused to comply with the order and had his witnesses not been allowed to testify this would have raised Sixth Amendment issues. However, since the penalty was not exacted the Court chose not to discuss the issue.

Similarly, in the case at bar we need not discuss any Sixth Amendment problems because Wade complied with the court order, but we must face his Fifth Amendment claim. His compliance under protest cannot be considered a waiver of his right to appeal the validity of the district court's order.

I would reverse.