UNITED STATES of America,
Plaintiff-Appellee,

v.

Gary LINDLEY, Defendant-Appellant.

No. 85–5009.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 4, 1985.

Decided Oct. 24, 1985.

David G. Freedman, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

John P. Gyorgy, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Before SNEED, NELSON, and NORRIS, Circuit Judges.

PER CURIAM.

Defendant Gary Lindley appeals his conviction for attempting to escape from the Lompoc Federal Penitentiary in violation of 18 U.S.C. § 751 (1982). His sole contention on appeal is that the district court erred in finding him competent to stand trial.

We affirm the conviction because the district court's determination that Lindley was competent to stand trial is not clearly erroneous.* The district court relied upon the declarations of two psychiatrists who concluded after examining Lindley that he was competent to stand trial. The district court did not clearly err in assigning more weight to the findings of these psychiatrists than to the contrary conclusion of a psychiatrist retained by the defense.

We find unpersuasive Lindley's contention that the psychiatric reports relied upon by the district court had no probative value because of a lapse of time between the examinations and the competency hearing, which was conducted just before trial. Lindley's own psychiatrist admitted that the lapse of time did not render the reports invalid as a basis for determining his competency to stand trial. Further, Lindley offered no proof of a change in mental condition in the intervening months and refused to submit to further examinations.

AFFIRMED.

NELSON, Circuit Judge, dissenting.

I must respectfully dissent because it is clear to me that the district court erred in finding that the Government had met its burden of establishing Lindley's competence to stand trial.

---

* In *Chavez v. United States,* 656 F.2d 512, 517 (9th Cir.1981), we held that the issue of competency to stand trial is reviewable under the clearly erroneous standard. We believe *Chavez* was not undermined by our en banc decision in *United States v. McConney,* 728 F.2d 1195 (9th Cir.1984) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Under the *McConney* functional analysis, competency to stand trial involves an "essentially factual inquiry", 728 F.2d at 1203 (quoting *Pullman-Standard v. Swint,* 456 U.S. 273, 288, 102 S.Ct. 1781, 1790, 72 L.Ed.2d 66 (1982)), which calls for clearly erroneous review.

994

In order to establish Lindley's competence, the Government had to show that Lindley had "sufficient *present* ability to consult with his ... lawyer...." *Chavez v. United States,* 656 F.2d 512, 518 (9th Cir.1981) (emphasis added). Yet, the only evidence the Government presented of Lindley's competence were two medical reports prepared more than four months before the competency hearing. These reports are insufficient to establish Lindley's competency. Dr. Coburn, who had examined Lindley the morning of the hearing, testified that Lindley was not presently competent to stand trial. It is true that Dr. Coburn stated that the Government's medical reports, if based on complete information, might provide a valid basis for the competency determination. However, he also stated that he did not believe that they were based on complete information. Thus, the most credible, and arguably the only, evidence of Lindley's present ability to consult with his attorney was the testimony of Dr. Coburn that Lindley was not competent to stand trial.

Lindley's refusal to submit to further examination does not excuse the Government's failure to provide evidence of present ability. It is clear that the district court had the power to order Lindley to submit to psychiatric evaluation despite his objections. *See* 18 U.S.C. § 4241(b) (1982); *United States v. Wade,* 489 F.2d 258, 258–59 (9th Cir.1973) (per curiam). Indeed, other cases suggest that in light of the conflicting medical testimony and the age of the Government's medical reports, the district court had a duty to order this evaluation. *Cf. United States v. Ives,* 574 F.2d 1002, 1004 (9th Cir.1978), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 605 (1980) ("Further inquiry *is required* whenever there is information available to the court which raises sufficient doubt regarding a defendant's competence to stand trial") (emphasis added). Thus, we cannot excuse the inadequacy of the Government's proof because of Lindley's objections. Therefore, I would reverse Lindley's conviction, and grant him a new trial.