**PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**Teddy Paulino TAITANO, Defendant–Appellant.**

No. 87–1225.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 1988.[*]

Decided June 14, 1988.

Howard Trapp, Howard Trapp Inc., Agana, Guam, for defendant-appellant.

Frances Tydingco–Gatewood, Acting Chief Prosecutor, J. Andrew Boname, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before SKOPIL, SCHROEDER and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Arthur Teddy Paulino Taitano appeals a Guam Superior Court ruling that he was competent to stand trial.

We will reverse a court's determination that the defendant is competent to stand trial only if it is clearly erroneous. *United States v. Lindley*, 774 F.2d 993, 993 n. * (9th Cir.1985) (per curiam).

■ After thoroughly reviewing the record, we find that the Superior Court's ruling that Taitano was competent to stand trial was not clearly erroneous. The Superior Court had before it the opinions of four experts. Dr. Langsley concluded that Taitano was competent to stand trial. Both Dr. Kallingal and Dr. Balajadia concluded that Taitano was not mentally ill. Dr. Kallingal noted that Taitano appeared to be attempting to manipulate the psychological test and "making extra efforts to put on a facade of a retarded person." Dr. Balajadia concluded that Taitano was malingering. Only Dr. Geren concluded that Taitano was not competent to stand trial.

Taitano contends that the Superior Court erred because (1) his attorney stated that Taitano was unwilling to cooperate or participate in his defense, (2) Dr. Geren's opinion that Taitano is incompetent to stand trial contradicts those of the other three doctors, (3) the reports by Dr. Langsley and Dr. Kallingal were outdated, and (4) Dr. Kallingal's and Dr. Balajadia's reports never explicitly concluded that Taitano was competent to stand trial.

■ First, the fact that Taitano refused to cooperate with his lawyer does not automatically render Taitano incompetent to stand trial. *Cf. De Kaplany v. Enomoto*, 540 F.2d 975, 983 (9th Cir.1976) (court, interpreting a California competency statute similar to the Guam statute, held that more is required to raise a doubt as to a defendant's competency than statements of defense counsel that defendant is incapable of cooperating in his defense), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793

(1977). Second, the Guam Superior Court was entitled to rely more heavily on the medical opinions of Dr. Langsley, Dr. Kallingal, and Dr. Balajadia than on that of Dr. Geren. *See Lindley*, 774 F.2d at 993 (in making a competency ruling, the district court did not clearly err in assigning more weight to the findings of two psychiatrists than to the contrary conclusion of another). Dr. Geren examined Taitano on October 3, 1985 for approximately 35 minutes but was unable to conduct formal cognitive testing due to Taitano's lack of cooperation. In contrast, Dr. Kallingal conducted formal tests on Taitano and Dr. Balajadia's October 28, 1985 report was based on a three week observation period. Moreover, there is no evidence that the opinions of Dr. Langsley and Dr. Kallingal based on examinations of Taitano on April 10, 1985 and July 18, 1985, were outdated. *See id.* at 993 (psychiatric reports were not invalid solely because of a four month lapse of time between an examination and the competency hearing).

■ Finally, Taitano argues for the first time on appeal that the reports and testimony of Dr. Balajadia and Dr. Kallingal should not have been considered by the Superior Court in determining Taitano's competency to stand trial because they failed to set forth their opinion on his competency to stand trial as required by Guam law. *See* 9 Guam Code Ann. § 7.25(g)(5) (every mental health expert examining a criminal defendant must give and explain an opinion on the defendant's competency to be proceeded against). There is no evidence in the record that Taitano objected to the court's consideration of the doctors' reports or their testimony. In addition, Taitano did not raise this issue before the appellate division of the district court for the district of Guam in his initial appeal of the Superior Court's decision.

We consider issues raised for the first time on appeal only when there are exceptional circumstances. *United States v. Edwards*, 800 F.2d 878, 884 (9th Cir.1986). Exceptional circumstances exist where "injustice might otherwise result [or] plain error has occurred...." *People of the*

*Territory of Guam v. Okada,* 694 F.2d 565, 570 n. 8 (9th Cir.1982), *amended* on other grounds, 715 F.2d 1347 (9th Cir.1983), *cert. denied,* 469 U.S. 1021, 105 S.Ct. 441, 83 L.Ed.2d 367 (1984). We find that exceptional circumstances do not exist in this case. Dr. Balajadia and Dr. Kallingal stated in their reports and in their testimony that Taitano is not suffering from any mental illness or defect. Their conclusions are supported by Dr. Langsley's expert opinion. Dr. Langsley explicitly determined that Taitano was competent to stand trial. Therefore, Taitano has failed to show that injustice might result if we do not review this issue or that plain error occurred when the Superior Court considered Dr. Balajadia's and Dr. Kallingal's testimony notwithstanding their failure to set forth their opinion on Taitano's competency to stand trial as required by § 7.25(g)(5). Dr. Langsley's testimony fully supports the trial court's determination that Taitano was competent to stand trial.

AFFIRMED.