968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph FLAUNDERS, Defendant-Appellant.
 No. 91-50374.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 14, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Due Process requires a competency hearing to determine a defendant's ability to plead guilty "whenever the trial judge entertains ... a good faith doubt as to that defendant's ability to understand the nature and consequences of the plea or to participate intelligently in the proceedings and to make a reasoned choice among the alternatives presented." Chavez v. United States, 656 F.2d 512, 517 (9th Cir.1981). A district court's competency determination is reviewed for clear error. People of the Territory of Guam v. Taitano, 849 F.2d 431, 432 (9th Cir.1989).
 
 
 3
 Because competency determinations "necessarily involve assessments of credibility and demeanor," Evans v. Raines, 800 F.2d 884, 887 (9th Cir.1986), the court's conclusion is entitled to a presumption of correctness. In Flaunders' first evaluation, two psychologists found that: 1) he was competent to stand trial; and 2) he understood the nature of the proceedings against him. Doctor Carlin performed a second psychiatric evaluation, and concluded that Flaunders was "marginally competent." Because two psychiatric reports found that Flaunders was competent, the district court did not clearly err.
 
 
 4
 Flaunders has also failed to establish that he was entitled to a competency hearing. See Spikes v. United States, 633 F.2d 144, 145 (9th Cir.1980), cert. denied, 450 U.S. 934 (1981) (requirement for competency hearing). The district court did not abuse its discretion. The evidence supported its finding that Flaunders was competent. See Chavez, 656 F.2d at 517. Further, the district court properly questioned Flaunders before determining that his guilty plea was constitutionally valid.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3