**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alfredo FLORES–NAVA, Defendant–Appellant.**

No. 00–10243.

D.C. No. CR–98–00281–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2001.*

Decided Oct. 19, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

645

Before BEEZER, TROTT, and TALLMAN, Circuit Judges.

MEMORANDUM **

Alfredo Flores–Nava ("Flores") appeals his jury conviction under 8 U.S.C. § 1326(a) for being a deported alien found in the United States. Flores argues that the district judge clearly erred in finding that he was competent to stand trial. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

**DISCUSSION**

Because the parties are familiar with the facts of this case we repeat them here only where necessary to explain our decision. A defendant is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma,* 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) (citation omitted). We review for clear error a district judge's determination that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

a defendant is competent to stand trial. *See United States v. Chischilly*, 30 F.3d 1144, 1150 (9th Cir.1994).

■ The district judge's finding that Flores was competent to stand trial is fully supported by the record. Two professionals examined Flores before his trial, and both of these individuals determined that he was competent. Dr. Glazzard and his staff observed Flores for three weeks, and both Dr. Pollack and Dr. Glazzard came to similar conclusions. Each doctor determined that Flores had significant mental problems, but that he was capable of understanding the nature of the trial process and the charges against him. Each doctor also determined that working with Flores might be difficult or require patience, but that, ultimately, he was capable of assisting in his own defense. Finally, Flores never challenged any aspect of either psychological assessment, and both reports were admitted into evidence without controversy.

■ Flores's suggestion that his obstreperous behavior during trial alone should have indicated that he was mentally incompetent lacks merit. It is true that many of Flores's decisions during the course of the proceedings were self-defeating, and that his behavior was at times uncontrolled. Nonetheless, Flores's behavior alone cannot render the district court's competency determination clearly erroneous in the face of the two psychological reports. No one factor is determinative in deciding the ultimate issue of competence. *People of the Territory of Guam v. Taitano*, 849 F.2d 431, 432 (9th Cir. 1988) (holding that a defendant's refusal "to cooperate with his lawyer does not automatically render [him] incompetent to stand trial"). Flores's behavior was simply evidence that the district judge had to weigh along with everything else, and does not overcome the effect of the two determinations of competency.

We also reject Flores's assertion that the opinions of Dr. Pollack and Dr. Glazzard were invalid because they did not have his full medical history, or know that he had previously been adjudicated incompetent. By the time of Flores's trial on the immigration charges, his previous adjudication of incompetency was over ten years old. Competency evaluations must focus on a defendant's *present* ability to stand trial. *See* 18 U.S.C. § 4241(a) (stating that a court must hold a competency hearing if there is reason to believe that the defendant may *presently* be suffering from a mental illness rendering him incapable to stand trial) (emphasis added); *Cooper*, 517 U.S. at 354 (stating that a defendant is competent if he "has sufficient *present* ability to consult with his lawyer with a reasonable degree of rational understanding ...") (emphasis added). *See also, Massie v. Woodford*, 244 F.3d 1192, 1196 (9th Cir.2001) (holding that in determining whether next-friend standing is available, evidence of a prisoner's past history of mental illness does not overcome valid evidence of current competence).

Moreover, as a factual matter, we do not believe that Flores's past medical history and adjudication of incompetence would have materially affected Dr. Pollack's or Dr. Glazzard's opinions or the district court's ultimate determination that Flores could stand trial. First, although Flores was found incompetent in 1988, he was rehabilitated and six months later determined to be capable of standing trial.

Also, the reports of Pollard and Glazzard are quite consistent with the findings of the Atascadero staff, despite the fact that they were not familiar with Flores's entire history. And although Dr. Stewart was asked to determine whether Flores's mental illnesses could affect his sentencing

rather than his ability to stand trial, he had Flores's full medical history at his disposal and did not reach a conclusion different from Dr. Pollack or Dr. Glazzard.

 It is also significant that neither Dr. Pollard nor Dr. Glazzard ever indicated that they lacked sufficient information to form an opinion as to Flores's competency. Each doctor based his opinion on personal observation of and interaction with Flores. Given that competency depends on a defendant's ability to understand the legal process and assist his attorney, personal observation may be one of the best tools in making a competency determination. Finally, it was Flores's refusal to sign a medical release that prevented his medical history from being made available in a more timely fashion. For these reasons, the fact that Dr. Pollack and Dr. Glazzard were unaware of Flores's previous adjudication of incompetence does not render their opinions invalid, or in any way cast doubt on the solidity of the district court's conclusion.

Because Flores has not explicitly argued that the evidence against him was insufficient or that he was entitled to a fourth attorney, we decline to address those issues.

**AFFIRMED.**