**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FREDERICK G. COSTER,
*Defendant-Appellant.*

No. 01-4213

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FREDERICK G. COSTER,
*Defendant-Appellant.*

No. 01-4214

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FREDERICK G. COSTER,
*Defendant-Appellant.*

No. 01-4280

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-00-406-WMN, CR-98-428-WMN)

Submitted: January 31, 2002

Decided: February 12, 2002

Before WIDENER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

G. Arthur Robbins, G. ARTHUR ROBBINS, L.L.C., Annapolis, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Lisa M. Griffin, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Frederick Coster appeals his conviction and the sentence imposed by the district court following his guilty plea to three counts of bank robbery in violation of 18 U.S.C.A. § 2113(a), (f) (West 2001), and one count of conspiracy to commit bank robbery in violation of 18 U.S.C.A. § 371 (West 2001). Finding no reversible error, we affirm.

On appeal, Coster contends the district court erred by finding him competent to stand trial. A district court's finding that a defendant is competent to stand trial is a question of fact that is reviewed for clear error. *United States v. Cox*, 964 F.2d 1431, 1433 (4th Cir. 1992). In performing its fact finding and credibility functions, a district court is free to assign greater weight to the findings of experts produced by the government than to the opposing opinions of medical witnesses produced by the defendant. *Cox*, 964 F.2d at 1433; *United States v. Lindley*, 774 F.2d 993, 993 (9th Cir. 1985). We find the district court did not clearly err in choosing to accept the conclusions of the government psychologist over those of the defense psychiatrist and finding Coster competent to stand trial.

Coster next contends the district court erred by classifying him as a career offender pursuant to *U.S. Sentencing Guidelines Manual* § 4B1.1 (1998). Because Coster did not file objections to the presentence report (PSR) and did not object at sentencing, the standard of review is plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We find that the district court did not err in determining Coster's career offender status.

Finally, Coster appeals the district court's denial of his pro se motion for production of documents. Because Coster failed to argue this issue in his brief, it is waived. *See 11126 Baltimore Blvd., Inc. v. Prince George's County*, 58 F.3d 988, 993 n.7 (4th Cir. 1995) (en banc); Fed. R. App. P. 28(a)(9)(A).

Accordingly, we affirm Coster's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*