**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Elvira CHARLEY, Defendant— Appellant.**

**No. 03–10579.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided Feb. 3, 2005.

See also 396 F.3d 1074.

494

Joan G. Ruffennach, Esq., Phoenix, AZ, for Plaintiff–Appellee.

Patrick E. McGillicuddy, Esq., Phoenix, AZ, for Defendant–Appellant.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  We address in a concurrently filed opinion Charley's other contentions, relating to her unsuccessful pretrial motions to suppress evidence.

2.  We review a district court's determination that a defendant is competent to stand trial for clear error. *United States v. Friedman,* 366 F.3d 975, 980 (9th Cir.2004). Clear error review is "significantly deferential," and we "must accept the district court's findings absent a definite and firm conviction that a

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM *

Elvira Charley was convicted by a jury in federal court on three counts of first degree murder in violation of 18 U.S.C. §§ 1111, 1153(a), and three counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c), (j). She appeals her conviction alleging that the district court erred in: (1) finding her competent to stand trial and to be sentenced; and (2) instructing the jury on first and second degree murder.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

We first address Charley's competency. The United States Supreme Court has held that a defendant is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma,* 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498

mistake has been committed." *Leavitt v. Arave,* 383 F.3d 809, 815 (9th Cir.2004) (internal quotation marks omitted).

Where objections to jury instructions were withdrawn, we review only for plain error. *United States v. Davis,* 36 F.3d 1424, 1431 (9th Cir.1994). Under this standard, a defendant must prove that "there was 'error,' the error was 'plain,' and the error affected 'substantial rights.'" *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413 (9th Cir.2000). If these criteria are met, we may exercise our discretion to correct the error only if the error "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

(1996). Whether a defendant is capable of understanding the proceedings and assisting counsel depends on evidence of the defendant's irrational behavior, the defendant's demeanor in court, and medical opinions on the defendant's competence. *Miles v. Stainer,* 108 F.3d 1109, 1112 (9th Cir.1997).

Here, the district court's competency determination was supported by evidence from the government's mental health expert. Neither of Charley's mental health experts, who noted her depression and mental problems, went so far as to opine that she was incompetent, and even if they had done so, "where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." *United States v. Awad,* 371 F.3d 583, 591 (9th Cir.2004). Also, the district court noted that Charley had "not been irrational in court or at any time before the Court, or given any indication whatsoever that she has some current mental state that would affect her ability to know where she is or what she's doing."

Although Charley asserts on appeal that she made irrational trial decisions that allegedly show her incompetency, defendants are not rendered incompetent to stand trial just because they refuse to cooperate with counsel, *Guam v. Taitano,* 849 F.2d 431, 432 (9th Cir.1988), or otherwise behave in ways that are unreasonable and detrimental to their cases, *Davis v. Woodford,* 384 F.3d 628, 646–47 (9th Cir. 2004). Charley's decision-making relating to her defense does not give rise to the "firm conviction" that the district court erred in finding her competent; to the contrary, there is expert evidence that Charley was competent to stand trial, and the district court made an independent determination that Charley "ha[d] sufficient ability to consult with counsel with a reasonable degree of rational understand-

ing" and could "assist in preparing her defense" based on its observations of her courtroom demeanor and her interactions with her attorneys. The district court did not clearly err in determining that Charley was competent to stand trial and to undergo sentencing.

We finally address the issue of the challenged jury instructions. Because defense counsel unequivocally withdrew objection to the district court's first and second degree murder instructions, our review is for plain error. *Davis,* 36 F.3d at 1431. The district court used our Model Criminal Jury Instructions, and these instructions comported with the standards set forth in our precedents for first degree murder, *United States v. Free,* 841 F.2d 321, 325 (9th Cir.1988), and second degree murder, *United States v. Houser,* 130 F.3d 867, 871 & n. 3 (9th Cir.1997). Under such circumstances the district court's error, if any existed, was not plain. *United States v. Paul,* 37 F.3d 496, 500 (9th Cir.1994) (for an error to be plain it must be " 'clear' or 'obvious' under current law").

AFFIRMED.