**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10609 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00212-AWI-4 |
| v. | |
| GURMEET SINGH BISLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted February 12, 2014[**]
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and RICE, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas O. Rice, United States District Judge for the
Eastern District of Washington, sitting by designation.

Gurmeet Bisla appeals the district court's finding, following a hearing, that he was competent to stand trial and be sentenced. We review that finding for clear error and must consider the evidence in the light most favorable to the government. United States v. Frank, 956 F.2d 872, 874-75 (9th Cir. 1992). Under this standard, defendants must do more than just argue that the district court picked the wrong expert: "[A] district court is free to assign greater weight to the findings of experts produced by the Government than to opposing opinions of the medical witnesses produced by the defendant . . . . Clear error is not demonstrated by pointing to conflicting evidence in the record." Id. at 875 (citing United States v. Lindley, 774 F.2d 993, 993 (9th Cir. 1985)). We affirm because that is all Bisla has done.

Bisla's competence received an enormous amount of attention. Bisla's competency proceedings took two years and eight months; from March 2010, when he filed his competency motion, until November 2012, when the district court finally declared him competent. In that time, the district court considered (1) three reports from Bisla's expert, Dr. Terrell; (2) one report from the government's expert, Dr. Howsepian; (3) three days worth of testimony from Dr. Terrell, Dr. Howsepian, Bisla's original attorney (who testified that he thought Bisla was competent), and others; and (4) a final report from a team of doctors at the Federal

Medical Facility in Butner, North Carolina. The Butner team observed Bisla in custody for more than half a year.

Both judges involved took Bisla's competency very seriously. (The case was transferred after the first judge retired.) The first judge, even after holding three days worth of hearings, still ordered Bisla committed to the Attorney General's custody for further evaluation. When Bisla returned from Butner with the facility's certificate of competence, the second judge delayed sentencing for two months so that Dr. Terrell would have one last chance to evaluate Bisla.

To challenge the product of all this effort, Bisla makes a single argument: That the second judge erred by relying on the Butner doctors. This amounts to saying that the district court believed the wrong doctor. Frank, 956 F.2d at 875. Clear error review demands more.

AFFIRMED.