**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC MARK ROBINSON,

                Petitioner-Appellant,

  v.

RICK HILL, Warden,

                Respondent-Appellee,

 and

JAMES D. HARTLEY, Warden;
ATTORNEY GENERAL FOR THE STATE
OF CALIFORNIA,

                Respondents.

No.   19-55656

D.C. No.
2:13-cv-01311-TJH-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted September 3, 2020[**]
Pasadena, California

Before: SILER,[***] BERZON, and LEE, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eric Robinson was convicted of three felonies: one count of making criminal threats and two counts of resisting arrest. After exhausting his state appeals, he now seeks habeas relief. The district court granted a certificate of appealability (COA) on two issues: (1) whether the state court unreasonably determined that he was competent to stand trial, and (2) whether he was competent to stand trial. We find neither claim has merit and deny the writ. We deny Robinson's request to expand the COA to include his claim that the trial court erred by not ordering a second competency evaluation prior to sentencing.

Robinson requested to represent himself. But because of his unruly behavior, the court ordered a competency evaluation by two doctors: Drs. Kojian and Knapke. The doctors reached opposite conclusions on his competency. The court credited Dr. Knapke's report that Robinson was competent and granted Robinson's request to represent himself.

Robinson then represented himself at several pretrial hearings with assigned standby counsel, Kevin Avery. At the hearings, Robinson frequently spoke too loudly and too quickly and skipped around in his arguments. As a result, the court issued multiple reprimands and threatened to revoke his self-representation.

***     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

19-55656

Nevertheless, that same behavior persisted through the first day of voir dire. Upon Robinson's request, Avery permanently took over representation on the second day of voir dire. Robinson's conduct, though, did not improve.

After the trial concluded, Robinson was convicted. At sentencing, he refused to have his fingerprints taken and was verbally belligerent toward Avery. The court denied Avery's request for additional psychological evaluations because Robinson said he would not cooperate. The court sentenced Robinson to 13 years, 8 months in prison. On appeal, the California Court of Appeal affirmed, holding that substantial evidence supported the trial court's decision.

We review de novo a petition for habeas corpus under 28 U.S.C. § 2254. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). Under AEDPA, Robinson must show that the state court's decision: (1) was "contrary to . . . clearly established" federal law as determined by U.S. Supreme Court precedents or (2) amounted to "an unreasonable application" of the same. 28 U.S.C. § 2254(d)(1). We review "the last reasoned state court decision to address the claim[s]." *White v. Ryan,* 895 F.3d 641, 665 (9th Cir. 2018). Here, the last reasoned decision was by the California Court of Appeal.

Robinson alleges that the trial court unreasonably determined he was competent to stand trial. The Constitution prohibits individuals who are mentally incompetent from standing trial. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008).

19-55656

The trial court relied on Dr. Knapke's finding that Robinson was competent. Robinson argues that it erred in relying on the report because it: (1) improperly focused on his lack of clinical diagnoses and (2) minimized his "delusional paranoia towards his counsel." He is incorrect.

As an initial matter, the trial court was free to credit one expert report over another. *United States v. Lindley*, 774 F.2d 993, 993 (9th Cir. 1985) (per curiam). While a history of mental health treatment or a diagnosis is not necessary for incompetence, a court may consider its presence or absence. Moreover, Dr. Knapke's conclusion did not hinge on Robinson's mental health history. Instead, his conversations with Robinson led him to believe Robinson could cooperate with an attorney "if he so chooses." Similarly, Dr. Knapke's determination did not rely on whether a new attorney would be appointed. Therefore, we cannot find that the court made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Robinson also contends that he was not competent during trial or sentencing. A defendant who is competent at the beginning of trial may become incompetent during the trial. *See Drope v. Missouri*, 420 U.S. 162, 181 (1975). However, even under a de novo review, Robinson cannot prevail. Robinson assisted his counsel during the trial, including passing his trial counsel notes. Although much of his behavior likely undermined his defense, it does not demonstrate that he did not

4 <span>19-55656</span>

have a rational understanding of the proceedings.  *See Dusky v. United States*, 362 U.S. 402, 402 (1960).  Robinson has failed to "create a real and substantial doubt as to his competency."  *Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir. 1985).  Accordingly, we deny the writ and affirm the district court.