**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis MARTINEZ, Defendant–
Appellant.**

**No. 05–50429.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2006.

Filed May 18, 2006.

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Shereen J. Charlick, Esq., Erica K. Zunkel, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: LAY,* KLEINFELD, and SILVERMAN, Circuit Judges.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

■ In January 2005, Jose Luis Martinez was convicted by a jury under 8 U.S.C. § 1326 of being a previously deported alien found in the United States. On appeal, he argues the district court erred by not granting his motion to dismiss the § 1326 charges. In the alternative, he argues the court erred by refusing to allow him to present evidence regarding the lawfulness of his deportation to the jury. He then argues the court erred by finding him competent to stand trial despite his insistence on taking the stand and testifying regarding irrelevant matters. He also argues the court erred when sentencing him by relying on facts not alleged in the indictment or found by a jury. Finally, he argues that § 1326 is unconstitutional. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Martinez's conviction and sentence. Because the parties are familiar with the facts, we do not recite them in detail.

We review de novo a denial of a motion to dismiss an 8 U.S.C. § 1326 indictment "when the motion is based upon an alleged due process defect in the underlying deportation proceeding." *United States v. Pallares–Galan*, 359 F.3d 1088, 1094 (9th Cir.2004). Because the underlying removal order serves as a predicate element under 8 U.S.C. § 1326, due process entitles a defendant charged with illegal entry to collaterally attack the removal order. *Id.* at 1095. To sustain a collateral attack, a defendant must show that he "exhausted any administrative remedies that may have been available...." 8 U.S.C. § 1326(d)(1).

At the conclusion of his deportation hearing, the Immigration Judge ("IJ") notified Martinez of his right to appeal to the

Board of Immigration Appeals ("BIA"). Martinez filed a timely appeal, but withdrew it before review. Although Martinez concedes he failed to complete his appeal with the BIA, he argues this is irrelevant. According to Martinez, his claim that he was not given a list of free legal services in Spanish constitutes a deprivation of counsel, which is a "constitutional challenge to INS procedures" that falls outside the exhaustion requirement in § 1326(d)(1). We disagree.

■ We have held that 8 U.S.C. § 1252(d)(1) [1]—which governs this court's jurisdiction to review final orders of removal—"mandates exhaustion and generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). In *Barron*, we clarified which constitutional challenges would be excluded from the § 1252(d)(1) exhaustion requirement:

> We recognize that the principle of exhaustion may exclude certain constitutional challenges that are not within the competence of administrative agencies to decide. Among such challenges may be due process claims, but only if they involve more than "mere procedural error" that an administrative tribunal could remedy.

*Id.; see also Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir.2002) ("[W]e may not entertain due process claims based on correctable procedural errors unless the alien raised them below."). The analysis in *Barron* regarding which constitutional claims are subject to the exhaustion requirement in § 1252(d)(1) applies with

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Section 1252(d)(1) provides "[a] court may review a final order of removal only if—(1) the alien has exhausted all administrative remedies available to the alien as of right...."

equal force to the exhaustion requirement in § 1326(d)(1). Even if Martinez is correct that the agency failed to provide him with a list of counsel in Spanish and that failure to provide such a list is error, it was a "procedural error" which the BIA could have remedied. Had Martinez raised this claim with the BIA—and the agency had found it meritorious—the agency could have remanded Martinez's case for a rehearing with instructions that Martinez receive the relevant list. Thus, by not raising this claimed procedural error with the BIA, Martinez has failed to exhaust his administrative remedies. Therefore, under § 1326(d)(1), he cannot sustain a successful collateral attack against the validity of his underlying deportation.

■ Martinez argues in the alternative that the lawfulness of his underlying deportation was an element of the offense under § 1326 that should have been submitted to the jury. The interpretation of a statute is a question of law that is reviewed de novo. *United States v. Ripinsky*, 20 F.3d 359, 361 (9th Cir.1994). We expressly held in *United States v. Alvarado–Delgado*, 98 F.3d 492, 493 (9th Cir. 1996), that "the lawfulness of [a] prior deportation is not an element of the offense under § 1326"—and that, accordingly, an alien charged under § 1326 is "not entitled to have the issue determined by a jury." *See also United States v. Mendoza–Lopez*, 481 U.S. 828, 835, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). Accordingly, we hold the district court did not err in refusing to submit the lawfulness of Martinez's underlying deportation to the jury.

■ Martinez next argues that the district court erred by finding him competent to stand trial as a previously deported alien found in the United States under § 1326. A district court's determination that a defendant is competent to stand trial is reviewed for clear error. *See United States v. Gastelum–Almeida*, 298 F.3d

1167, 1171 (9th Cir.2002). "On defendant's appeal the evidence relating to his competency must be considered in the light most favorable to the Government." *United States v. Chischilly*, 30 F.3d 1144, 1150 (9th Cir.1994). The reviewing court's inquiry is not whether the trial court could have found the defendant either competent or incompetent, nor whether the court would find the defendant incompetent if it were deciding the matter de novo. *Chavez v. United States*, 656 F.2d 512, 515–16 (9th Cir.1981). Rather, the reviewing court examines the record "to see if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." *Id.* at 516.

To determine that a defendant is mentally incompetent, the court must find by a preponderance of the evidence that "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense...." 18 U.S.C. § 4241(d). Martinez argues that the reports of the mental-health experts who evaluated him, considered in the context of his counsel's comments about his competency, established he was unable to help his attorney and assist in his own defense. However, viewing the facts in the light most favorable to the government, this argument fails. The district court's competency determination was based on the recommendation of a psychologist who, after treating Martinez for four months, concluded he did not meet the standard set forth in 18 U.S.C. § 4241. The specialist stated that, "[w]hile I can offer no guarantee that [Martinez] will remain free of stubbornness, no deficit in his actual capacity to assist counsel was displayed." Given the specialist's express conclusion after

four months of treatment that Martinez was able to assist counsel, we hold the district court did not clearly err in concluding that Martinez was competent to stand trial.[2]

Finally, Martinez's arguments that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled are barred by circuit precedent. *See United States v. Quintana–Quintana*, 383 F.3d 1052, 1053 (9th Cir.2004).

AFFIRMED.

In re: **Christian D. MENDOZA, Debtor,**

**Christian D. Mendoza, Appellant,**

**v.**

**Educational Credit Management Corporation; et al.,
Appellees.**

No. 04–16384.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Filed May 18, 2006.

Tallman, Circuit Judge, dissented and filed separate opinion.

David A. Boone, Esq., Susan D. Silveira, Esq., Law Offices of David A. Boone, San Jose, CA, for Appellant.

Miriam E. Hiser, Esq., San Francisco, CA, John B. Rudquist, Esq., Stockton, CA, for Appellees.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

**2.** Martinez also argues that the district court should have reevaluated his competency after his "illogical" testimony. However, when the district court made its competency determination before trial, Martinez's counsel had made it clear that Martinez planned on testifying— against counsel's wishes—about the unfairness of his deportation. The record indicates Martinez testified just as his counsel predicted. Thus, no new reasons came to light re-

MEMORANDUM *

Debtor Christian D. Mendoza appeals the judgement entered by the bankruptcy court on June 11, 2003 disallowing the discharge of his student loan debt. The Bankruptcy Appellate Panel (BAP) affirmed, agreeing with the bankruptcy court that Mendoza had not presented sufficient evidence of "additional circumstances" to indicate that his state of affairs could not improve. We review the bankruptcy court's findings of fact for clear error and its application of the appropriate legal standard de novo. *In re Rifino*, 245 F.3d 1083, 1086 (9th Cir.2001). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we reverse.

To be eligible for discharge of a student loan, a debtor must demonstrate that "excepting such debt from discharge ... will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). Undue hardship is demonstrated by a debtor who: (1) cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loans; (2) shows that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) has made a good faith effort to repay the loans. *In re Pena*, 155 F.3d 1108, 1111 (9th Cir.1998) (citing *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395, 396 (2d Cir.1987)). "[T]he determinative question is whether the debtor's inability to pay will ... persist throughout a substantial portion of the loan's repayment period." *In re Nys*, 446 F.3d 938, 946 (9th Cir.2006).

Mendoza was diagnosed with Acquired Attention Deficit Disorder (ADD) in 1998 and was unable to complete medical school as a result of his condition. The total balance on Mendoza's student loan debt as of October 2001 was $127,567 with monthly payments due of $1,028. He works in real estate devoting forty to fifty hours a week contacting people about possible home loan refinancing. The bankruptcy court found that Mendoza earned approximately $1,600 a month for his work. His monthly expenses, largely from medical bills, exceeded $1,650. The bankruptcy court thus found that Mendoza could not maintain a minimum standard of living for himself if forced to repay his student loans.

The bankruptcy court also found, however, that the evidence at trial did not establish that Mendoza's current inability to pay was likely to persist for a significant portion of the repayment period. The bankruptcy court concluded that Mendoza had failed to establish that he would suffer "undue hardship" if his student loan debt was not discharged. A factual finding is 'clearly erroneous' when a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). Here, the record clearly demonstrates that Mendoza's ADD is a substantial barrier that prevents him from improving his state of affairs. The bankruptcy court's contrary findings were clearly erroneous.

Mendoza's ADD condition is severe. Mendoza's treating physician, Dr. Duke Fisher, testified that Mendoza suffers from tangential thinking, that he is easily distracted and forgetful, and that Mendoza's

garding Martinez's competency during his testimony.